IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-cv-01304-WJM-KMT

CHRISTINA DIAS,

Plaintiff,

v.

SHELTER MUTUAL INSURANCE COMPANY, d/b/a and a/k/a Shelter General Insurance, a Missouri Insurance Company licensed to do business in Colorado.

Defendant.

---

~~ORDER GRANTING DEFENDANT'S MOTION FOR~~ PROTECTIVE ORDER ~~(doc. 34)~~

---

This matter comes before the Court on Defendant Shelter Insurance Company's Motion for Protective Order (doc. 34). The Court, having reviewed the Motion, Plaintiff's Response (doc. 37), the Reply thereto (doc. 39) and based upon the agreement of the parties, issues the following Protective Order concerning the handling and use of information designated by a party as Confidential Information:

1. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 2 below as confidential and/or containing trade secrets.

1

2. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

   d. With respect to deposition testimony and transcripts of such testimony, a Party or its counsel may state on the record during the deposition that the testimony and any transcript thereof is designated as "Confidential."

3. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

4. Individuals authorized to review Confidential Information pursuant to this

Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

5. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

6. During the pendency of this action, opposing counsel may, upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 5 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

7. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 7 above.

9. If opposing counsel objects to the designation of certain information as "Confidential Information," he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

10. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.

11. A party shall not file any document in this action containing, quoting or discussing Confidential Information without first conferring, in good faith, with opposing counsel about whether, to protect the confidentiality of the information, it is necessary that it be filed "under seal." If the parties agree that it is not necessary to file the document "under seal," it may simply be filed. If the parties agree that the document should be filed "under seal," then the party who

originally asserted that the information contained in the document was Confidential Information, in the manner described in paragraphs 1 and 2, shall promptly file a motion with the court seeking leave for the document to be filed "under seal." If the court grants the motion, it may be filed "under seal." If the parties cannot agree, then the party who wishes the document be filed "under seal" shall promptly file a motion asking the court to order that the document be filed "under seal."

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

So Ordered this 18th day of April, 2011.

By,

_____
Magistrate Judge Kathleen M. Tafoya

## ATTACHMENT A TO PROTECTIVE ORDER

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have read the Protective Order entered in *Christina Dias v. Shelter Mutual Insurance Company,* 10-cv-01304-WJM-KMT, United States District Court, District of Colorado, and understand its contents, and agree not to make any disclosures of information, documents, tangible things, testimony, or other data marked or identified and produced as Confidential material in this litigation to any person who is not permitted to have access under the Protective Order. I further agree to use information, documents, tangible things, testimony, or other data identified and produced as Confidential material solely for purposes of this litigation proceeding, but nothing contained herein shall preclude use or disclosure of any documents, data or information I already had before it was produced as Confidential material in this litigation. I further agree that any dispute concerning enforcement of this Agreement may be decided by The Honorable Kathleen M. Tafoya or such other judge assigned to the above referenced litigation.

Signature:_____
Name:_____
Address:_____

Phone: _____